# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 08-CR-61-TCK |
| JAMES FRANKLIN BROOKS, | ) ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 112) filed by Defendant James Franklin Brooks ("Defendant").

## I.  Background[1]

Defendant and Walter McCombs ("McCombs") were indicted on two charges of robbery (Counts 1 and 2) and with using and carrying a firearm during and in relation to the robberies (Counts 3 and 4). Defendant was also charged with possessing a firearm and ammunition after former conviction of a felony (Count 5). McCombs pled guilty and testified against Defendant at trial. Defendant elected to go to trial and was convicted on all five counts. The Court sentenced Defendant to a total of 435 months imprisonment, comprised of consecutive mandatory minimum sentences of 84 months on Count 3 and 300 months on Count 4; and concurrent sentences of 51 months on Counts 1, 2, and 5. Defendant raised two arguments on appeal: (1) the Court erred by failing to conduct an evidentiary hearing regarding alleged juror bias; and (2) the Court erred by failing to fully apprise Defendant of his rights during his initial appearance. The Tenth Circuit rejected both arguments and affirmed Defendant's sentence. During trial, Defendant was

---

[1] The Tenth Circuit's decision on appeal, *United States v. Brooks*, 569 F.3d 1284 (10th Cir. 2009), sets forth a more extensive factual background and is incorporated herein by reference.

represented by retained counsel, Robert Scott Williams ("Mr. Williams"). During sentencing and on appeal, Defendant was represented by court-appointed counsel F. Randolph Lynn ("Mr. Lynn").

Defendant now moves this Court to vacate his conviction pursuant to 28 U.S.C. § 2255. Defendant raises seven grounds for relief: (1) his 18 U.S.C. § 924(c) convictions were unlawful because the Indictment contained the phrase "used and carried" in the conjunctive, while the jury instructions contained the phrase "used *or* carried" in the disjunctive; (2) the United States attorney paid McCombs for his testimony; (3) his jury panel included a biased juror who was angry at Defendant's sister; (4) the Court erred by imposing a 25-year sentence for the second of his two § 924(c) convictions; (5) Mr. Williams was ineffective during the preliminary and trial stages; (6) Mr. Lynn was ineffective during sentencing; and (7) Mr. Lynn was ineffective on appeal.

## I. Grounds 1-4

The first, second, and fourth grounds for relief were not raised on direct appeal and are procedurally barred unless Defendant can (1) "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains," or (2) "show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (internal quotations omitted). The second exception to procedural default is narrow and is "implicated only in extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotations and alterations omitted).

Defendant has failed to demonstrate any actual prejudice flowing from the errors raised in the first, second, or fourth grounds for relief and certainly has not shown that any fundamental miscarriage of justice will occur if these claims are not addressed. First, the Court's use of the disjunctive "used or carried" in the relevant jury instructions is consistent with the Tenth Circuit

2

pattern instruction and the statute. *See* 10th Cir. Pattern Jury Instr. 2.45; 18 U.S.C. § 924(c)(1)(A). Further, a crime may be charged in the conjunctive and thereafter proven in the disjunctive, without resulting in any fatal variance from the Indictment. *See United States v. Powell*, 226 F.3d 1181, 1192 n.4 (10th Cir. 2000) (citing cases). Second, Defendant's allegation that the United States attorney admitted to paying McCombs for his testimony is not supported by any evidence in the record, and Defendant's bald accusations of such misconduct are woefully insufficient to demonstrate actual prejudice or a miscarriage of justice. Finally, Defendant has failed to show any actual prejudice or injustice resulting from imposition of consecutive sentences for the § 924(c) convictions. Under Tenth Circuit law, consecutive sentences for separate § 924(c) counts may be imposed "even though [the] underlying offenses arose from [the] same criminal episode and even though the same gun was paired with each underlying offense," so long as "the underlying offenses do not violate double jeopardy." *United States v. Malone*, 222 F.3d 1286, 1293 (10th Cir. 2000) (explaining holding in *United States v. Sturmoski*, 971 F.2d 452, 461-62 (10th Cir.1992)). Thus, Defendant has failed to demonstrate any exception to the general procedural bar, and his first, second, and fourth grounds for relief are procedurally infirm.

The third ground for relief related to the allegedly biased juror was raised and addressed on direct appeal and is therefore not cognizable under 28 U.S.C. § 2255. *See United States v. Cook*, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993) (stating that issues raised and addressed on direct appeal are not cognizable under 28 U.S.C. § 2255).

### III.    Ground 5 - Mr. Williams' Alleged Ineffective Assistance

In order to have his conviction set aside based upon ineffective assistance of counsel, Defendant must satisfy both components of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must show that counsel's performance was deficient, which requires showing

3

that "counsel's performance fell below an objective standard of reasonableness." *Id.* at 687-88. Second, he must show that this deficient performance prejudiced his defense, *i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. In addressing an ineffectiveness claim, a court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct," and determine whether, in light of all the circumstances, the acts or omissions identified by the defendant were "outside the wide range of professionally competent assistance." *Id.* at 690. In doing so, the court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

Defendant argues that Mr. Williams was ineffective in seven ways: (1) failing to prepare for trial and to call certain witnesses, including Defendant's mother, sister, and a neurologist; (2) trying to persuade Defendant to plead guilty; (3) failing to seek suppression of phone calls made from Defendant while in jail ("jailhouse recordings"); (4) refusing to let Defendant testify or inform the Court of his desire to testify; (5) failing to challenge certain jurors for cause; (6) failing to move for a mistrial upon learning that a juror knew Defendant's sister; and (7) withdrawing from the case.

All claims fail because either Mr. Williams' performance was sufficient and/or the alleged deficient performance did not prejudice his defense. First, having observed the trial, the Court finds that Mr. Williams was adequately prepared and mounted a sufficient defense under the difficult circumstances presented, which included eyewitness testimony against Defendant and Defendant's confession on a telephone recording. Further, Mr. Williams' decision not to call certain witnesses was strategic and is virtually unchallengeable on collateral attack. *See Boyle v. McKune*, 544 F.3d 1132, 1139 (10th Cir. 2008) (explaining that the decision of which witnesses to call is a tactical

4

decision and "quintessentially a matter of strategy for the trial attorney"); *Bullock v. Carver*, 297 F.3d 1036, 1047 (10th Cir. 2002) ("Strategic choices made after thorough investigations of law and facts relevant to plausible options are virtually unchallengeable."); *United States v. Miller*, 907 F.2d 994, 1003 (10th Cir.1988) (quoting *Strickland*, 466 U.S. at 689) ("When the record is silent as to the reason for counsel's decision, a reviewing court must 'indulge a strong presumption' that the decision [of trial counsel] was based on 'sound trial strategy.'"). Brooks cannot overcome this presumption of reasonableness and cannot demonstrate that Mr. Williams' decisions regarding witnesses were somehow deficient.

Second, Mr. Williams' advising Defendant to plead guilty does not constitute deficient performance in light of the overwhelming evidence of guilt presented at trial. Trial evidence included McCombs' testimony, repeated witness identification of Defendant as one of the robbers and descriptions of his active role in the robberies, and Defendant's admissions of guilt on the jailhouse recordings. Under these circumstances, it was not deficient for counsel to advise Defendant to plead guilty. *See United States v. Carr*, 80 F.3d 413, 419 (10th Cir. 1996) ("Given the weight of evidence against [the defendant] and the high probability of a lengthy sentence, it was perfectly reasonable for [counsel] to discuss a plea bargain with the government and his client – and even to attempt to convince his client that accepting the plea bargain was in his best interest – while simultaneously preparing a defense for trial.").

Third, Mr. Williams was not deficient for failing to seek suppression of the jailhouse recordings because any such motion would have been without merit. In the only Tenth Circuit case addressing this question, the Tenth Circuit adopted the reasoning of the Ninth Circuit and held that "'any expectation of privacy in outbound calls from prison is not objectively reasonable and that the Fourth Amendment is therefore not triggered by the routine taping of such calls.'" *United States*

5

*v. Gangi*, 57 F. App'x 809, 814 (10th Cir. 2003) (quoting *United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir. 1996)).

Fourth, Defendant argues that Mr. Williams refused to let him testify and did not inform the Court of Defendant's desire to testify. The Court assumes without deciding that Plaintiff was indeed prevented from testifying and that this constituted deficient performance. The Court nonetheless concludes that there is no probability that the outcome of the proceeding would have been different if Defendant had testified. If given the chance, Defendant would have testified that McCombs "filled the Defendant full of drugs and alcohol for two days until the Defendant was having black-out spells, and was not even aware that his co-defendant was taking him to robberies." (Def.'s § 2255 Mot. 16.) The Court is not persuaded that there is a "reasonable probability" that, had Mr. Williams permitted Defendant to testify, the result of the proceeding would have been different. First, it is more plausible that the two grown men were voluntarily using drugs together than that McCombs somehow involuntarily drugged him over a series of days. There are no circumstances or facts regarding McCombs and Defendant's relationship that would corroborate Defendant's testimony. Further, had Defendant taken the stand, this could have opened the door to the jury becoming aware of Defendant's criminal history, which resulted in a category IV for purposes of sentencing. Most notably, Defendant had prior convictions for burglary of an automobile and drug possession. This history, combined with the overwhelming evidence against Defendant at trial, negates the possibility that Defendant's testimony would have resulted in acquittal.

Fifth, with respect to Mr. Williams' alleged failures to make certain for-cause juror challenges, Defendant cannot satisfy the prejudice prong. In his motion, Defendant describes several jurors that should have been stricken, including robbery victims, relatives of law enforcement, and the brother-in-law of a federal prosecutor. However, the United States has

represented that none of these identified jurors actually served on the jury because Mr. Williams excused them with peremptory challenges. Upon review of the trial record, the Court agrees with the United States. Therefore, Defendant could not have suffered any prejudice based on Mr. Williams' failure to challenge these jurors for cause.

Sixth, Defendant cannot show prejudice flowing from Mr. Williams' failure to move for a mistrial based on the allegedly biased juror who knew Defendant's sister. This is because, following Mr. Williams' withdrawal, Defendant filed a *pro se* motion for mistrial, identifying the juror who knew his sister and the potential bias. Further, after Mr. Lynn's appointment as counsel, he filed a motion for evidentiary hearing on the juror bias question, pursuant to *Remmer v. United States*, 347 U.S. 227 (1954). The court held an evidentiary hearing on both the *pro se* motion for mistrial and the motion for a *Remmer* hearing, during which Defendant's sister testified regarding her relationship with the juror. The Court denied both motions, and such denial was affirmed on appeal. Because this issue was fully addressed at the trial and appellate level, Mr. Williams' initial failure to raise the issue prior to this withdrawal had no possible prejudicial effect.

Finally, Defendant cannot show any deficient performance or prejudice flowing from Mr. Williams' withdrawal. The Court permitted Mr. Williams to withdraw as counsel, and his withdrawal did not constitute deficient performance in any way. Further, due to the Court's quick appointment of Mr. Lynn, who filed a post-trial motion and represented Defendant during sentencing, Defendant could not have suffered any prejudice as a result of the withdrawal.

**IV.    Ground 6 - Mr. Lynn's Alleged Ineffective Assistance Post-Trial**

Defendant also argues that Mr. Lynn was ineffective during sentencing because he failed to investigate whether McCombs "drugged" him and for failing to argue for a "diminished capacity" downward departure. Defendant has offered no evidence, other than his own conclusory assertion,

7

that McCombs drugged him before the robberies. Further, as explained above, Defendant had a significant criminal history that included drug use. McCombs' trial testimony was that he and Defendant were at Defendant's house playing cards, drinking alcohol, taking Xanax, and smoking ice methamphetamine prior to the robberies. (Trial Tr. 58-59.) The court finds nothing about the circumstances prior to the crime, or Defendant and McCombs' relationship, that should have caused Mr. Lynn to "investigate" whether Defendant was involuntary drugged. Nor has Defendant pointed the Court to any evidence or circumstances, other than this own bald assertion, that would indicate that Defendant was drugged prior to committing the robberies. Accordingly, the Court finds that Mr. Lynn was not deficient for failing to investigate whether Defendant was involuntarily drugged or for failing to move for a "diminished capacity" downward departure, which is inapplicable to voluntary drug use. *See* U.S.S.G. § 5K1.13 (explaining that a court may not depart based on diminished capacity if the reduced mental capacity was caused by voluntary drug use). Further, even assuming the "drugging" was a plausible theory that Mr. Lynn investigated, argued, and successfully proved to the Court at sentencing, the outcome of the sentencing proceeding would not have changed. The guidelines provide that a court may not depart based on diminished capacity if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." *See id.* In this case, the armed robberies of two convenience stores posed a serious threat of violence to the cashiers and others. Thus, Defendant cannot show deficient performance or prejudice based upon Mr. Lynn's failure to investigate and present a "diminished capacity" argument at sentencing.

Defendant also argues that Mr. Lynn was ineffective for failing to move for a new trial on grounds that the United States Attorney paid McCombs for his testimony. As explained above, however, Defendant has offered no factual or evidentiary support for this theory and certainly has

8

not pointed the Court to any evidence in the record demonstrating that the United States attorney admitted to doing so. Defendant further contends that Mr. Lynn was ineffective for failing to move for a new trial based on the allegedly biased juror. However, Mr. Lynn did raise this issue in his motion for a *Remmer* evidentiary hearing, which the Court denied. This issue was also addressed on appeal. Accordingly, Mr. Lynn was not deficient, and Defendant could not have suffered any prejudice based on this alleged failure.

## V.    Ground 7 - Mr. Lynn's Alleged Ineffective Assistance On Appeal

Defendant argues that Mr. Lynn was ineffective on appeal for failing to appeal: (1) the Court's disjunctive use of "or" in the § 924(c) jury instructions; (2) the Court's denial of his *pro se* motion for mistrial; (3) the Court's refusal to strike certain jurors for cause; and (4) the overall bias of his jury.

First, no deficient performance or prejudice occurred based on Mr. Lynn's failure to appeal the § 924(c) jury instructions because the instructions complied with Tenth Circuit law. *See* 10th Cir. Pattern Jury Instr. 2.45; *Powell*, 226 F.3d at 1192 n.4 (explaining that a crime may be charged in the conjunctive and thereafter proven in the disjunctive, without resulting in any fatal variance from the Indictment). Second, the substantive issues raised in Defendant's *pro se* motion for mistrial – namely, a certain juror's bias based upon her acquaintance with Defendant's sister – were raised and addressed in conjunction with appeal of the Court's denial of his motion for a *Remmer* hearing. Thus, this alleged failure was not deficient performance and did not result in any prejudice.

Third, assuming the Court's failure to strike certain jurors for cause should have been raised on appeal, Defendant cannot satisfy the prejudice prong of the *Strickland* test. The jurors about

whom Defendant complains – robbery victims and family members of law enforcement/prosecutors[2] – were ultimately stricken by peremptory challenge and did not serve on the jury. If Defendant's true complaint is that he should not have had to "use up" peremptory challenges on these individuals, Defendant has failed to explain or demonstrate how this caused him to forego striking another allegedly biased juror or caused any other prejudice. Finally, Defendant has failed to show any deficient performance or prejudice flowing from Mr. Lynn's failure to challenge the overall composition of the jury. As explained above, the jurors identified as problematic were stricken by peremptory challenge and did not ultimately serve on the jury.

## VI.     Certificate of Appealability

Rule 11 of the *Rules Governing Section 2255 Cases in the United States District Courts* instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

---

[2] Defendant also complains about the juror who knew his sister. However, this potential jury bias issue was raised and addressed on appeal.

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's ruling is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**VII. Conclusion**

Defendant's 28 U.S.C. § 2255 Motion (Doc. 112) is DENIED. A separate judgment shall be entered.

**SO ORDERED** this 12th day of June, 2013.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE